Horace Maynard, Special Judge,
delivered the opinion of the Court.
Defendants were convicted by three Justices of the Peace, of a forcible and unlawful detainer of certain *232 premises, and a writ of possession awarded the plaintiff. Within five days after the trial, they obtained from two Justices of the Peace, an order for writs of certiorari and supersedeas. In the Circuit Court, an ineffectual motion was made to dismiss the petition, and the plaintiff excepted. Upon the trial, the verdict and judgment were for the defendants, and no exceptions taken.
The only question in this case, is, the sufficiency of the petition.
The Code, sections 3360—3362, provides, that no execution, or writ of possession, shall issue against the defendant, until after the lapse of five days from the rendition of the judgment. At any time before the writ of possession is executed, either party may take the cause to the Circuit Court, by certiorari; and an appeal will also lie within the two days allowed by law, as in other cases. Whether the certiorari is grantable, of course without the disclosure of merits by the petitioner, it is not necessary, in this case, to decide, since the petition sets forth a meritorious defense, which, it has been seen, prevailed on the trial. And in Hale vs. Landrum, 2 Hump., 32, it was held a sufficient reason for not appealing, that the party was unable to give the security required. The petitioners in this case, assign as the reason for not appealing within the two days allowed, “that owing to their poverty, they were not able to give the security required by law.”
There is no error in the record, and the judgment is affirmed.